IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WARREN WILLIAMS, # M40803,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 15-cv-00435-MJR** |
| ) | |
| **MR. FREEMAN, MR. KIDWELL,** ) | |
| **TRAVIS PIPER, and MR. DEAN,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Warren Williams, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against four Lawrence officials, including Lieutenant Freeman, Sergeant Kidwell, Officer Piper, and Officer Dean. In the complaint, Plaintiff alleges that these officials subjected him to excessive force on August 6, 2014. Plaintiff now sues them for violating his rights under the Eighth and Fourteenth Amendments (Doc. 1, pp. 10-15). He also sues Officers Piper and Dean for conspiring to assault him in violation of 42 U.S.C. § 1985 (Doc. 1, p. 16). Plaintiff seeks declaratory judgment and monetary damages (Doc. 1, p. 14).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is

immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff's complaint survives preliminary review under this standard.

## The Complaint

According to the complaint, Plaintiff threatened to spit on one of Lawrence's correctional officers, Officer Piper, on August 6, 2014 (Doc. 1, p. 5). He admits making the threat. But Plaintiff alleges that he never actually followed through with it.

Plaintiff's threat prompted a severe beating. Within thirty minutes of making the threat, Plaintiff was handcuffed and escorted to a shower in the segregation building at Lawrence. Sergeant Kidwell and Officer Dean entered the shower, removed Plaintiff's handcuffs, conducted a strip search, and ordered him to get dressed. They handcuffed him behind his back.

Officer Dean then stepped into the shower and said, "Piper told me to beat your b*tch *ss, n*gger!" (Doc. 1, p. 6). As Sergeant Kidwell stood watching, Officer Dean struck Plaintiff repeatedly in the head, neck, arms, and torso with his two closed fists. All the while, he repeated, "[S]o you like to spit on c/o's do you?" Officer Dean then slammed Plaintiff down head first onto the shower floor and continued hitting him. Plaintiff sustained multiple injuries to his head, neck, shoulders, arms, wrists and torso (Doc. 1, pp. 5-7).

Sergeant Kidwell, who stood watching, eventually called Officer Dean's name three times and ordered him to stop hitting Plaintiff. He instructed Officer Dean to take Plaintiff to an unoccupied cell in segregation. Officer Dean attached a lead chain to Plaintiff's handcuffs and pulled him violently, "practically dragging [P]laintiff backwards" to the cell (Doc. 1, p. 6). After shoving Plaintiff into the cell, the officer proceeded to strike Plaintiff "at least ten (10) more times, causing further injuries before finally uncuffing" him. Before exiting the cell, Officer Dean explained that the beating was "strictly business," but would happen again if

Plaintiff threatened to spit on an officer, hit an officer, or told anyone about the beating. At all times during the incident, Plaintiff was handcuffed and screaming for help (Doc. 1, p. 7).

Plaintiff requested medical attention on August 6, 2014, but did not receive it until the following day[1] (Doc. 1, p. 8). Officer Dean approached him two days later and revealed that he was aware that Plaintiff had reported the incident. Plaintiff has since had nightmares about the events that occurred on August 6, 2014.

Plaintiff submitted multiple requests for an investigation into the incident. He directed these requests to Lieutenant Freeman, but the lieutenant has never spoken with Plaintiff about his complaints. Officer Dean has a known history of abusing inmates, and Plaintiff alleges that Lieutenant Freeman knows this and failed to take steps to protect him from Officer Dean's attack (Doc. 1, p. 9).

Plaintiff now sues Defendants Freeman, Piper, Dean, and Kidwell for declaratory judgment and monetary damages (Doc. 1, p. 14). He also asks that Defendants be referred for prosecution (Doc. 1, p. 2).

## Discussion

The Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint into four separate counts that are consistent with Plaintiff's characterization of each claim in the pleading. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of the counts and discussion of the same do not constitute an opinion as to their merit.

**Count 1:** Eighth Amendment excessive force claim against Defendants Piper, Dean, and Kidwell for the alleged assault of Plaintiff on August 6, 2014 (Doc. 1, pp. 10-11);

---

[1] The complaint asserts no claims for the denial of adequate medical care against any of the defendants or medical providers.

**Count 2:** Eighth Amendment claim against Defendants Freeman, Piper, Dean, and Kidwell for failing to protect Plaintiff from the assault on August 6, 2014 (Doc. 1, pp. 11-13);

**Count 3:** Fourteenth Amendment claim against Defendants Piper and Dean for punishing Plaintiff without due process of law (Doc. 1, p. 13); and

**Count 4:** Claim against Defendants Piper and Dean under 42 U.S.C. § 1985 for conspiring to assault Plaintiff because he is African-American (Doc. 1, p. 14).

As discussed in more detail below, Plaintiff shall be allowed to proceed with Counts 1 and 2. However, Counts 3 and 4 shall be dismissed.

## Claims Subject to Further Review

**Count 1 – Excessive Force**

The intentional use of excessive force (**Count 1**) by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Force "qualifies as excessive for the purpose of Eighth Amendment and due process jurisprudence when it entails the 'unnecessary and wanton infliction of pain.'" *Rice ex rel. Rice v. Corr. Med. Serv.*, 675 F.3d 650, 667 (7th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citation omitted)). When force is applied by an officer in response to a threat, as here, the pertinent inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21 (citation omitted). The Seventh Circuit has identified the following factors as relevant to the Court's analysis of an excessive force claim: whether jail officials perceived a threat to their safety and the safety of other inmates, whether there was a genuine need for the application of force, whether the force

used was commensurate with the need for force, the extent of any injury inflicted, and the efforts the officers made to temper the severity of the force they used. *Id*. at 321 (citing *Forrest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010)).

The complaint supports an Eighth Amendment excessive force claim against Officer Dean and no one else. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Defendant Dean was the only defendant who allegedly assaulted Plaintiff on August 6, 2014. **Count 1** shall therefore proceed against Defendant Dean, but shall be dismissed without prejudice against all other defendants.

**Count 2 – Failure to Protect**

A plaintiff asserting a failure to protect claim (**Count 2**) must show that he was incarcerated under conditions posing a substantial risk of serious harm, and Defendants acted with "deliberate indifference" to that danger. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety before the assault actually occurred. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).

**Count 2** shall proceed against Defendant Piper, who allegedly directed Defendant Dean to beat Plaintiff, and Defendant Kidwell, who stood watching the assault. However, Count 2

shall be dismissed against Defendant Dean, who is subject to the related excessive force claim in Count 1, and Defendant Freeman, who was only advised of the assault *after* it occurred and had no specific information about the particular incident in time to stop it.

### Claims Subject to Dismissal

**Count 3 – Due Process**

The complaint does not support an independent due process claim (**Count 3**) against any of the defendants. This includes both a substantive and a procedural due process claim under the Fourteenth Amendment. Count 3 shall therefore be dismissed.

When prisoner civil rights claims are brought under the Eighth and Fourteenth Amendments, the United States Supreme Court and the Seventh Circuit have generally taken three approaches to analyzing such claims. The first approach is to view the Eighth Amendment protections and any corresponding substantive due process rights afforded by the Fourteenth Amendment as coextensive. *Williams v. Boles*, 841 F.2d 181 (7th Cir. 1988) (attack of inmate by guards); *Meriwether v. Faulkner*, 821 F.2d 408, 415 n. 8 (7th Cir. 1987) (medical care and prison facilities). The second approach is to view any substantive due process guarantees for inmates as being "redundant of that provided by the Eighth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989) (excessive force during arrest); *Whitley v. Albers*, 475 U.S. 312, 327 (1982) (shooting of inmate by prison officials). Finally, a third group of cases suggests that the Eighth Amendment, not substantive due process, defines the duties of prison officials to prisoners. *Daniel v. Williams*, 474 U.S. 327, 340 n. 16 (1986) (Stevens, J., concurring) (negligence claim against jailer); *K.H. Through Murphy*, 914 F.2d 846, 849 (7th Cir. 1990) (discussing different standards for assessing claims by prisoners and pretrial detainees).

Because Plaintiff's Eighth and Fourteenth Amendment claims are largely duplicative in this case, the Court will analyze them under the Eighth Amendment.

Plaintiff alternatively suggests that a procedural due process claim arises from the fact that he was punished before receiving notice of a rule violation (in the form of a disciplinary ticket) and a hearing. This argument misses the mark. Plaintiff's claim, when distilled to its essence, is that the force used to punish him was excessive. This is true whether or not he received notice of a rule violation and a hearing. In other words, guilty or not of a rule violation, Plaintiff claims that the force used to punish him violated Eighth Amendment standards. Because his claims are most appropriately analyzed under the Eighth Amendment (and Plaintiff can secure only one recovery), **Count 3** shall be dismissed without prejudice.

**Count 4 - § 1985 Conspiracy**

Likewise, the complaint does not support a conspiracy claim (**Count 4**) under Section 1985. Plaintiff alleges that two of the defendants, Officers Piper and Dean, conspired with one another to assault him because he is African-American (Doc. 1, p. 14). This claim appears to arise under Section 1985(3), which prohibits a conspiracy to deprive another of equal protection under the law, where the conspiracy is motivated by racial or other class-based discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002).

Under the intracorporate conspiracy doctrine, a Section 1985 conspiracy claim "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). Plaintiff has alleged that the defendants are members of the same entity, i.e., employees of the Illinois Department of Corrections at Lawrence, and that they were all working in the IDOC's and Lawrence's interest. Therefore, the defendants cannot

be sued under Section 1985 conspiracy.  *See id.*  *See also Wright v. Ill. Dep't Of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994).[2]  Further, "the function of a conspiracy claim, based on racial animus, under Section 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Turley v. Rednour*, 729 F.3d 645, 649 n.2 (7th Cir. 2013) (quoting *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)).  The complaint only asserts a claim against two state actors.  For this reason, **Count 4** does not survive preliminary review and shall also be dismissed without prejudice.

### Pending Motions

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff also filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED in part**, with respect to Defendants **KIDWELL, PIPER,** and **DEAN**, and **DENIED in part**, with respect to Defendant **FREEMAN**.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 3** and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **FREEMAN** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that with regard to **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendants **DEAN, KIDWELL,** and **PIPER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant

---

[2] While *Wright* focused on corporate managers, nothing in its reasoning precludes application of this doctrine to supervisors and subordinates in a government entity, as long as all are working in the entity's interest.  *Id.* at 633.

fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3).

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 19, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court